**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GLINDA HUTCHINGS | § | |
| | § | |
| v. | § | Case No. 2:12-CV-00074-JRG-RSP |
| | § | |
| MSHC BONNER STREET PLAZA, LLC | § | |

## MEMORANDUM ORDER

Glinda Hutchings alleges that MSHC Bonner Street Plaza, LLC has engaged in employment discrimination that violates federal law. Before the Court is MSHC's motion seeking an intra-district transfer of this case to the Tyler Division of this Court (Dkt. No. 8, filed March 14, 2012). Because MSHC has not established that the Tyler Division is a clearly more convenient forum than the Marshall Division, MSHC's motion is DENIED.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and

inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Consideration of these factors is appropriate in most transfer cases, but the list is not necessarily exhaustive or exclusive and "'none . . . can be said to be of dispositive weight.'" *In re Volkswagen II*, 545 F.3d at 315 (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

## DISCUSSION

**A.     Proper Venue for the Case**

There is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas.

**B.     Private Interest Factors**

    **1.     Relative Ease of Access to Sources of Proof**

MSHC argues all of the potentially relevant evidence and documents related to the case are located outside of Marshall and instead reside in Jacksonville, Texas. Dkt. No. 8 at 5. This evidence includes documents "relevant to Plaintiff's employment, termination, and other events relevant to this case." *Id.* However, MSHC's Motion and Supporting Affidavits are entirely silent on the *quantity* of the evidence that exists.

The Court takes judicial notice that the distance from Jacksonville, Texas to Marshall, Texas is 73 miles.  The distance from Jacksonville, Texas to Tyler, Texas is 27.4 miles.  Given that the Court does not expect there to be much in the way of evidence that must be transported for trial, and the small difference in distance that must be traveled, the Court finds that this factor weighs slightly in favor of transfer.

### 2. Availability of Compulsory Process to Secure the Attendance of Witnesses

Neither party identifies any witnesses that are subject to compulsory process in one division of the Eastern District of Texas but not the other.  Hutchins claims that all known witnesses are within the Eastern District of Texas, and therefore are subject to this Court's subpoena power.  Dkt. No. 9 at 7.  Accordingly, this factor is neutral in the convenience analysis.

### 3. Cost of Attendance for Willing Witnesses

MSHC identifies seven witnesses that it may call at trial.  Four witnesses reside in Jacksonville, Texas, one witness resides in Tyler, Texas, and two witnesses now reside in Galveston, Texas.  Dkt. No. 8 at 4.  MSHC also argues that Tyler is more convenient for both its counsel and opposing counsel, both of whom are based in Tyler, Texas.  *Id.*

At the outset, the Court is not persuaded that MSHC's witnesses will be overly burdened by having to attend trial in Marshall instead of Tyler.  First, it seems rather unlikely that any witness will have to be present for more than one day of trial.  Second, the distance that MSHC's witnesses will have to travel is not significantly more than the distance any jurors will have to travel if called to serve either in Marshall or Tyler.  Furthermore, the location of MSHC's counsel should be given no weight in the analysis.  The Court finds that this factor weighs only slightly in favor of transfer.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

The parties have not identified any considerations that relate solely to this factor. However, the Court notes that this case has been set for trial in relatively short order, and any transfer will result in delay for all parties. Therefore, this factor weighs against transfer.

### C. Public Interest Factors

#### 1. Administrative Difficulties Flowing From Court Congestion

The parties have not identified any considerations that relate solely to this factor. However, the Court notes that the Marshall Division has time available to try this case and it would be inconvenient and inefficient for the Court to reassign this case to another judge in the Tyler Division. This factor strongly weighs against transfer.

#### 2. Local Interest in Having Localized Interests Decided at Home

MSHC argues that the Marshall Division has no localized interest in this case. In support of this argument, MSHC argues none of the conduct occurred within the Marshall Division and none of the parties reside in Marshall. Dkt. No. 8 at 6. The Court is not persuaded that the Marshall division has no localized interest in seeing nearby workplaces from being free of illegal discrimination. Accordingly, the Court finds that this factor is neutral.

#### 3. Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The parties have not identified any considerations that relate to these factors, and are therefore neutral.

## CONCLUSION

The Court finds that an intra-district transfer of this case from the Marshall Division to the Tyler Division would only be slightly more convenient to the handful of potential defense witnesses, but would delay the proceedings and create judicial inefficiencies. After considering all of the relevant factors, the Court finds that MSHC has not met its burden of showing that the Tyler Division is clearly a more convenient forum for this case. Therefore, MSHC's motion to transfer is DENIED.

**SIGNED this 1st day of August, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE